IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILKINSON OLOYEDE THOMAS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:24-CV-435-O |
| | § | (NO. 4:20-CR-290-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Wilkinson Oloyede Thomas under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

The record in the underlying criminal case reflects the following:

On December 16, 2020, Movant was named in a twenty-four-count second superseding indictment charging him in count one with conspiracy to dispense and distribute and possess with intent to dispense and distribute a mixture and substance containing a detectable amount of hydrocodone, in violation of 21 U.S.C. § 846, in count two with conspiracy to dispense and distribute and possess with intent to dispense and distribute a mixture and substance containing a detectable amount of carisoprodol, in violation of 21 U.S.C. § 846, in count three with conspiracy to dispense and distribute and possess with intent to dispense and distribute a mixture and substance containing a detectable amount of promethazine with codeine, in violation of 21 U.S.C. § 846, and in count eleven with possession with intent to dispense and distribute a mixture and

substance containing a detectable amount of hydrocodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (E)(2), and 18 U.S.C. § 2. CR ECF No.[1] 612. He was tried by a jury and found guilty as to counts one, two, and eleven.[2] CR ECF No. 926.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 32. He received a two-level adjustment for maintaining a drug premises, CR ECF No. 1375, ¶ 62, and a two-level adjustment for his abuse of a position of trust. *Id.* ¶ 65. Based on a total offense level of 36 and a criminal history category of I, Movant's advisory guideline imprisonment range was 188 to 235 months. *Id.* ¶ 101. Movant filed objections asserting, among other things, his innocence. CR ECF No. 1437. The probation officer prepared an addendum to the PSR, rejecting the objections. CR ECF No. 1576. Movant filed further objections, CR ECF No. 1599, as well as a sentencing memorandum. CR ECF No. 1601.

Movant persisted in his objections at sentencing and the Court sustained the objection to the two-level increase for maintaining a drug premises. CR ECF No. 1917 at 10. Movant declared his innocence at allocution, but stated that he accepted the jury's verdict. *Id.* at 27–28. The Court sentenced Movant to terms of imprisonment of 151 months as to counts one and eleven and 60 months as to count two, all to run concurrently. *Id.* at 36; CR ECF No. 1865. Movant appealed. CR ECF No. 1869. The United States Court of Appeals for the Fifth Circuit affirmed. *United States v. Capistrano*, 74 F.4th 756 (5th Cir. 2023). The United States Supreme Court denied his petition for writ of certiorari. *Thomas v. United States*, 144 S. Ct. 517 (2023).

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:20-CR-290-O.
[2] The jury was not asked to determine Movant's guilt as to count three. CR ECF No. 926.

## II.   GROUNDS OF THE MOTION

Movant sets forth four grounds in support of his motion, alleging that he is actually innocent of the offenses charged by the counts of conviction and that the jury instructions were defective. ECF Nos.[3] 1 & 2.

## III.   APPLICABLE LEGAL STANDARDS

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

---

[3] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

## IV.   ANALYSIS

Contrary to Movant's declaration at sentencing, he does not accept the jury's verdict but contends that he is actually innocent. Actual innocence alone, however, is not a cognizable ground under § 2255. *United States v. Shepherd*, 880 F.3d 734, 740 (5th Cir. 2018) (quoting *United States v. Fields*, 761 F.3d 443, 479 (5th Cir. 2014) ("[O]ur caselaw does not recognize freestanding actual innocence claims.")). It serves only as a gateway to raise issues of constitutional or jurisdictional magnitude. *See United States v. Anderson*, No. 3:22-CV-037-M, 2024 WL 1776378, at *6 (N.D. Tex. Apr. 23, 2024). Movant does not purport to raise such issues. Even if he did, an actual innocence claim requires the movant to support his allegations of constitutional error with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Here, Movant has not come forward with any new evidence. He simply contends that the evidence presented at trial was insufficient to sustain his convictions. *See* ECF No. 13 (largely devoted to a discussion of the evidence at trial).

As noted, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis*, 417 U.S. at 346. And, issues raised on appeal cannot be raised in a later collateral attack. *Moore*, 598 F.2d at 517–18. Movant raised insufficiency of the evidence on appeal, *Capistrano*, 74 F.4th at 767–68, and cannot raise it again here. *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

Movant failed to argue on appeal, as his codefendants did, that the jury instructions were deficient. *Capistrano*, 74 F.4th at 769–73. He cannot raise the issue here as he has failed to show either cause and prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998);

4

*United States v. Vargas-Soto*, 35 F.4th 979, 993 (5th Cir. 2022). For the reasons discussed by the government, the ground is without merit in any event. ECF No. 11 at 9–12.

## V.      CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **15th day** of **January, 2025**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**